UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| LISALYN RICKS<br><br>   Plaintiff,<br><br>   v.<br><br>PLASTIC INDUSTRIES, an Idaho Corporation.<br><br>   Defendant. | Case No. 4:15-cv-572-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

The Court has before it a motion to dismiss filed by defendant Plastic Industries, Inc. The motion is fully briefed and at issue. For the reasons explained below, the Court will deny the motion.

## ANALYSIS

Plaintiff Ricks claims that she was forced to quit her job due to sexual discrimination in violation of Title VII. More specifically, she alleges that she was subjected to a hostile work environment based on her gender, and was the victim of retaliation by her employer – defendant Plastic Industries – when she complained. She also brings a state law claim, alleging that Plastic Industries was negligent in hiring, retaining, and failing to supervise Kelly Pilgrim, who worked with Ricks and allegedly harassed her.

Plastic Industries asks the Court to dismiss each claim, arguing that the complaint's allegations are insufficient as a matter of law. The Court will examine the sufficiency of each claim below.

## Hostile Work Environment

In her complaint, Ricks claims to be the victim of a hostile work environment, based on her gender. Ricks alleges that Kelly Pilgrim repeatedly asked her for dates and for sex despite her rejection of those advances. She also alleges that Pilgrim: (1) called female workers and women in general "nasty, stinky" or "nasty, dirty" "c**ts;"; (2) said women are "whores" who want to perform sexual favors to get ahead; (3) told Ricks he had pornography on his phone and computer and asked if she did too; and (4) told her women wore makeup to work to get men to have sex with them. Ricks knew that Pilgrim had been found guilty of felony aggravated assault on his ex-wife, and Ricks heard Pilgrim refer to his ex-wife and say that "I should have pulled the trigger on that f******g b***h and killed her." On another occasion, Pilgrim walked past Ricks, mimicking a gun with his hand and saying "pop, pop, pop . . . ." Pilgrim physically cornered Ricks and threatened to bring a lawsuit against her for spreading rumors about him.

Ricks alleges that she complained about harassment on at least four different occasions. The company's response was inadequate, she alleges, and the harassment continued.

The Court must assume that these factual allegations are true. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 556 (2007). To survive a motion to dismiss, a complaint must

**Memorandum Decision & Order – page 2**

contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id*. at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 556.

The allegations set forth above are sufficient to under *Twombly* to state a claim for a hostile work environment that is plausible on its face. The motion to dismiss this claim will be denied.

### Retaliation

Ricks alleges in her complaint that she complained about harassment on at least four different occasions prior to her constructive discharge. The company's response, she alleges, was to write her up for complaining, isolate her from her co-workers who were urged to file complaints about her, subject her to ongoing harassment, and ultimately force her to resign for her sanity and safety. According to Ricks, these retaliatory actions began immediately after she lodged her complaint with the Human Resources Department and Pilgrim was rehired at the Plant.

The allegations set forth above are sufficient to under *Twombly* to state a claim for retaliation under Title VII that is plausible on its face. The motion to dismiss this claim will be denied.

### Negligent Retention/Rehiring

In this case, Ricks alleges that she suffered severe and significant emotional distress, and was forced to resign, because of Plastic Industries' negligence in exercising due care to protect her from foreseeable tortious acts of Pilgrim. She specifically alleges

**Memorandum Decision & Order – page 3**

that she suffered severe emotional distress causing symptoms that were both emotional and physical.  She alleges that these injuries were a result of not only the negligent hiring of Pilgrim but also the negligent failure to supervise him, and the negligent rehiring of him after he had been fired.

The allegations set forth above are sufficient to under *Twombly* to state a claim for negligent hiring and retention.  The motion to dismiss this claim will be denied.

## ORDER

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that the motion to dismiss (docket no. 12) is DENIED.

DATED: September 24, 2016

_____
B. Lynn Winmill
Chief Judge
United States District Court

**Memorandum Decision & Order – page 4**